■ In the Matter of the Claim of JOHN GABRIY, Respondent, against IROQUOIS GAS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award of the Workmen's Compensation Board. Claimant was injured when he fell upon some ice on the employer's premises while he was en route to the exit gate approximately five minutes after he had left his shift of employment. After leaving his job claimant went to a salvage pile and picked up two bundles of wood which he was carrying toward the exit gate, intending to leave the wood near the exit gate until the following day when he would take it home for his personal use. Permission to remove the wood from the employer's premises was necessary, and while it could readily be inferred from the record that such permission would be easily obtainable, neither of the two officials who could give such permission was on the premises at the time. Claimant testified that he intended to leave the wood near the gate until he obtained the "pass" the following day. Appellant agrees that the injuries arose out of the employment in the sense that claimant would not have been on the premises otherwise, but contends that the injuries did not arise in the course of his employment because he had digressed to get the wood, which was for his own personal use. There is no finding or evidence to require a finding that carrying the wood had anything to do with claimant's fall. He was proceeding directly towards the exit gate, which was the only means of leaving the employer's premises, at the time of his injury. The evidence is adequate to sustain the board's finding that the accident arose out of and in the course of claimant's employment. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.